# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-539
Filed: July 26, 2019
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
STEVEN M. CENTERS,                      *
                                        *
               Petitioner,              *      Respondent's Motion to Dismiss;
                                        *      Pneumovax 23 Vaccine;
       v.                               *      Vaccine Not Covered Under the
                                        *      Program; Vaccine Act Entitlement;
SECRETARY OF HEALTH AND                 *      Shoulder Injury Related to Vaccine
HUMAN SERVICES,                         *      Administration ("SIRVA"); Special
                                        *      Processing Unit ("SPU")
               Respondent.              *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald E. Halliday*, Law Office of Doc Halliday, Peoria, IL, for petitioner.
*Heather Pearlman*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

**Dorsey**, Chief Special Master:

On April 11, 2019, Steven M. Centers ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a pneumococcal vaccine administered on January 9, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 19, 2019, respondent moved for a decision dismissing the petition, contending that petitioner did not receive a vaccine covered by the Act.  Motion to Dismiss ("Res. Mot.") ECF No. 8 at 1.

For the reasons discussed below, respondent's motion is **GRANTED,** and petitioner's claim is hereby **DISMISSED.**

### I.  Relevant Procedural History

Petitioner filed his petition on April 11, 2019, along with medical records and a statement of completion.  See ECF Nos. 1, 5.  Petitioner alleges he suffered a left shoulder SIRVA from a pneumococcal vaccination he received on January 9, 2018.  Petition at 1.  Petitioner's medical records document his receipt of a pneumococcal polysaccharide PPV23 (Pneumovax) in his left deltoid on January 9, 2018. See Exhibit 1 at 1; Exhibit 2 at 23, 44.

On April 19, 2019, respondent filed a Motion to Dismiss, arguing that petitioner did not receive a vaccine set forth in the Vaccine Injury Table.  Res. Mot. at 2.  Petitioner filed a Motion for Extension of Time to Respond to Respondent's Motion to Dismiss on May 2, 2019, requesting until May 24, 2019 to file a response.  ECF No. 9 at 2.  Petitioner's motion was granted on May 7, 2019.

On June 27, 2019, a scheduling order was filed noting that petitioner had not yet filed a response and ordering any response to respondent's motion to dismiss be filed by July 5, 2019.  ECF No. 10.  Petitioner was warned that failure to file a response may be interpreted as a failure to prosecute the claim or as an inability to provide supporting documentation for the claim.

Petitioner did not file a response, additional documentation, or a motion for an extension of time.

### II.  Discussion

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he received a vaccine set forth in the Vaccine Injury Table (the "Table").  See §11(c)(1)(A).  Compensation is awarded only to individuals "who have been injured by vaccines routinely administered to children." H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3.

"There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccine[s]." Bundy v. HHS, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014).  The polysaccharide vaccine is distributed under the

brand name Pneumovax.[3]  Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program.  *See Morrison v. HHS*, No. 04-1683, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table).

In this case, petitioner's records indicate that he received "pneumococcal polysaccharide vaccine PPSV23 (Pneumovax)" in his left shoulder on January 9, 2018.  Ex. 2 at 23, 44.  As such, petitioner is unable to show that he "received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa-11(c)(1)(a).  Thus, he cannot receive compensation on a claim based on the Pneumovax vaccine through the Vaccine Program, and the petition must be dismissed.  *See, e.g.*, *Cielencki v. HHS*, No. 15-632V, 2015 WL 10767150, at *3 (Fed. Cl. Spec. Mstr. Dec. 22, 2015) (dismissing petition that involves Pneumovax vaccine); *Bundy*, 2014 WL 348852 at *1 (same).

### III. Conclusion

Petitioner has failed to demonstrate that he was injured by a vaccine covered under the Vaccine Program.  **This case is dismissed for failure to state a claim upon which relief can be granted.  The clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pneumovax consists of "a mixture of highly purified capsular polysaccharides from the 23 most prevalent or invasive pneumococcal types of Streptococcus pneumonia, including the six serotypes that most frequently cause invasive drug resistant pneumococcal infections among children and adults in the United States." Physicians' Desk Reference 1994 (55th ed. 2001).

[4] If petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."